

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0338-09

### CORBETT K. WEINN, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

**KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.**

### DISSENTING OPINION

The majority incorrectly distinguishes the facts of this case from those in our recent decision in *Guerrero v. State*.[1] But the facts of *Guerrero* are identical. In *Guerrero*, a plurality of us held that Guerrero's convictions for manufacturing and possessing with intent to deliver the same cache of methamphetamine did not violate the Double Jeopardy Clause.[2]

---

[1] 305 S.W.3d 546 (Tex. Crim. App. 2009) (plurality op.).

[2] *Id.* at 553-54, 557, 560-61.

Though Guerrero's manufacture and possession with intent to deliver were close in time, they "were discrete acts with different impulses"—"one impulse to manufacture and another impulse to possess for the purpose of delivering what has been manufactured."[3] The same can and should be said here. I would therefore hold that there is no jeopardy violation and reverse the court of appeals's judgment.

DATE FILED: June 30, 2010
PUBLISH

---

[3] *Id.* at 554.